# UNITED STATES DISTRICT COURT
for the

Eastern District of Califormia

| | |
|---|---|
| United States of America <br> v. <br><br> Anthony R. Workman <br> *Defendant(s)* | ) <br> ) Case No. 3:18-mj-0020 CMK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 4, 2018  in the county of  Plumas  in the
Eastern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 111(a) | Assault, resist or impede officer or employee |

This criminal complaint is based on these facts:

See attached Affidavit

*Complainant's signature*

Adam M. Hill, Patrol Captain
*Printed name and title*

Sworn to before me telephonically on August 21, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF ADAM M. HILL

I, Adam M. Hill, being duly sworn, do hereby state:

1. This affidavit is in support of a Criminal Complaint charging Anthony R. Workman with a violation of 18 U.S.C. § 111(a) – Assaulting, Resisting, or Impeding Certain Officers or Employees. This affidavit is also in support of a search warrant for an electronic device, described as a black/silver iPhone, Model A 1349, MEID A100003389EFC5, currently located at the Lassen National Forest Supervisor's Office.

2. I am a Patrol Captain with the United States Department of Agriculture, Forest Service. I have been in this position since 2016. I have been employed with the Forest Service since 2007. Prior to this, I was employed as a Police Officer for the Federal Reserve, starting in 2003 and a Police Officer for the Merrimack Police Department in New Hampshire, starting in 1999. I am a graduate of the Land Management Police Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. In 2003, I graduated from Hesser College with a Bachelor's Degree in Criminal Justice. I also have a Graduate Degree in Emergency Management from Arizona State University. I have conducted hundreds of investigations spanning a handful of states into suspected violations of federal and state law. I have made arrests and have conducted investigative interviews and interrogations that number in the hundreds. I have drafted and executed hundreds of affidavits for investigations including violent crimes, property crimes, and violations of the Code of Federal Regulations.

3. Unless stated otherwise, I have personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through my own review of the documents discussed in this affidavit and through law enforcement sources, including discussions with other law enforcement officers and employees. This affidavit is intended to show that there is sufficient probable cause to support the following violation:

4. Title 18, United States Code, Section 111(a), provides that:
   (a) In general, -- Whoever --
       (1) Forcibly assaults, resists, opposes, impedes, intimidates, and interferes with any person designated in section 1114 of this title while engaged in and on account of the performance of official duties.
       …

   Maximum penalty: Imprisonment of not more than one year, a fine of not more than $100,000, or both.

STATEMENT OF PROBABLE CAUSE

5. On July 4, 2018, Forest Service Officer Christian Roper was conducting uniformed patrol of the Crocker Campground area, within the Plumas National Forest, in the Eastern District of California. As he drove through the campground, he observed a campsite having a lot of trash visible from the roadway. He could see a full open trash bag hanging from a tree; a second full trash bag closed on the ground; food on the picnic table, as well as 6-8 large beer cans; trash in

    the fire pit; and a few pieces of trash blowing around on the ground, in violation of 36 C.F.R. § 261.11(b).  In the site was a medium-sized tent, 8-10 pieces of firewood touching the fire ring, and a white Hyundai Accent parked next to the picnic table.  The rear hatch of the vehicle was open, and was completely full of personal belongings.

6. Officer Roper parked his vehicle south of the campsite and ran the vehicle's license plate.  He then walked into the site and announced, "Forest service, law enforcement!" and "hello."  As he walked past the picnic table, he noticed a knife with a metal-knuckles handle stuck in the table, in violation of California Penal Code § 16590.

7. Officer Roper could hear movement inside the tent.  Through an open window in the front, he saw a female (later identified as Julie BLUNK) sit up.  She then asked what he wanted.  Officer Roper told her he was contacting her because of the trash throughout the campsite and asked Blunk to come out of the tent to clean it up.  As Blunk was stepping out of the tent, Officer Roper could still hear movement inside.  He could see a young boy and multiple dogs.  Once outside the tent, Officer Roper asked Blunk to sit at the picnic table.  He then pulled the knife out of the table, and asked her who it belonged to.  Blunk said the knife belongs to her.  Officer Roper asked Blunk if she had a driver's license in her possession.  She stood up and started to reach towards her car.  She was told not to reach for the car and that he would take her information verbally.   When asked if there were any weapons, firearms, drugs or marijuana in the car, she stated possibly a knife and some marijuana.

8. Officer Roper noticed Blunk was fidgeting in her seat, and kept looking over both her shoulders.  He asked her if anyone was in the campsite with her.  She paused, then said no.  When asked why she paused, Blunk stated because "he" was with her, but "he" left about an hour prior to Officer Roper's arrival.  Blunk stated "he" was a friend.

9. Officer Roper went to his patrol vehicle to secure the knife and run Blunk's information through the Plumas National Forest Emergency Communication's Center.  While running her driver's license information, Blunk asked three times to return to the tent.  Twice he told her no.  The third time, he heard the young boy whining and allowed her to go to the tent.  At this time, he turned on his body camera.  Officer Roper asked Blunk if any weapons were in the tent and she said, no.  As Blunk opened the tent door and leaned inside, Officer Roper saw a white adult male (later identified as Anthony R. WORKMAN) laying down with his eyes closed.  Workman had light brown hair with a buzz cut and pierced nipples.  He could see Blunk touch Workman's shoulder to wake him up.  He also heard her say something about 'the feds are here, you need to get out.'  Officer Roper did not hear or see her attend to the young boy.

10. Officer Roper asked Blunk why she didn't tell him about Workman being inside the tent.  She said, "I forgot."  Due to the drugs and weapons in the campsite, and seeing Workman inside the tent, Officer Roper requested a backup officer from CHP or Plumas County Sheriff's Department.  Officer Roper could see Workman moving inside the tent so he told him to come out.  Officer Roper explained to Workman that he stopped because of the trash around the campsite.  Workman talked over him, looked Officer Roper up and down, and bowed his chest out forward.  Workman was told three times to sit down.  He refused.  He told the officer he would not sit down, and he was leaving.  Workman looked over his shoulder towards the roadway that leads out of the campground.  Based on training and experience, Officer Roper believed Workman was going to flee.

11. Officer Roper grabbed Workman's arm in an attempt to turn him around and get him in a position of disadvantage in order to handcuff him.  Workman responded by punching Officer Roper, striking his vest in the upper torso area.  As Officer Roper continued to try and gain control of Workman's hands, Workman continued to push and tell Officer Roper to get out of the way.  Workman said he was leaving; he turned his back and walked towards his vehicle.  Officer Roper sprayed the right side of Workman's face with his pepper spray.  The spray had no effect on Workman, as he reached up to wipe it off his face.  Workman again turned to walk away towards a neighboring campsite.  Officer Roper again attempted to gain control of Workman's hands.  Workman quickly pulled back his arm, squared up to Officer Roper, and said, "don't fucking touch me."  Officer Roper had seen someone sleeping in the campsite next to Workman when he arrived, but didn't know if they were together.

12. Officer Roper attempted to bring Workman to the ground by wrapping his arms over Workman's shoulder and under his armpit.  Workman countered by wrapping his arms around Officer Roper and began squeezing violently.  Workman moved with such violence towards the Officer, that his right arm tore open the Velcro flap on Roper's vest.  He was so forceful, it moved Officer Roper's radio behind him where it was inaccessible.  Workman began to lift Roper off his feet.  Officer Roper thought he would be slammed down on the rocks, sticks, and parking barriers causing injury.  Officer Roper released his right arm and punched Workman in the left eye as he shoved him off with his left arm.

13. With a reactionary gap between them, Officer Roper drew his Taser and told Workman he would get Tased.  Workman continued to walk towards the exit and said he was leaving.  Officer Roper told Workman he was not leaving and to sit down.  Instead, Workman squatted down as if ready to run or fight.  Officer Roper told Workman "sit on your ass" multiple times.  At this time, Roper saw Blunk pick up something and walk towards him with her hands outstretched.  On second look, he saw her holding a phone.  Workman got up, walked towards their camp where Blunk was standing and said, "call the cops" multiple times.  Officer Roper said he was the "cops" and a "federal officer."

14. As soon as Workman walked into the campsite, Officer Roper Tased him.  He saw the top probe make solid contact with Workman's upper back.  Workman started to roll away from Roper as he went to the ground.  Workman used his left arm to reach his back where the probes were located.  Based on experience and training, Officer Roper knew that Workman had experience or training on how to defeat the Taser by breaking the wires.  Officer Roper released the trigger and allowed the Taser to complete one full cycle.  During the cycle, Workman was given multiple commands.  Workman got up, facing Officer Roper, in a sprinter's stance.  Officer Roper thought Workman was going to charge and tackle him.  Rather, Workman turned around and began running east, away from the Officer and towards other campers and Beckwourth Genesse Road.  Officer Roper lost sight of Workman so he ran back to his patrol vehicle and drove out to Beckwourth Genesse Road to establish a perimeter and wait for backup.

15. Officer Roper drew his service pistol and used his patrol vehicle, with emergency equipment activated, as he looked for Workman.   He saw Workman pop up through the bushes several times.  Each time, Officer Roper yelled, "police, show me your hands!"  Workman continued to run away from Officer Roper.

Based on the facts set forth above, there is probable cause to believe Anthony R. WORKMAN, on July 4, 2018, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any officer and employee of the United States and of any agency in any branch of the United States Government while engaged in and on account of the performance of official duties, in violation of Title 18, United States Code, Section 111(a). Based on the facts set forth above, there is also probable cause to search the cell phone used by Julie Blunk to videotape the above incident, currently located at the Lassen National Forest Supervisor's Office.

Accordingly, I request that the Court issue the criminal complaint and arrest warrant requested herein. I further request that the Court issue the search warrant authorizing the examination of the black/silver iPhone, Model A 1349, MEID A100003389EFC5.

I declare under the penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, and belief.


_____
Adam M. Hill, Patrol Captain
United States Forest Service


Sworn and subscribed to me telephonically this 21st day of August, 2018, in Redding, California.



_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE